UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:13-CR-40-HAB ) |
| TREY T. JACKSON, | ) - ) |
| Defendant. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pursuant to 18 U.S.C. § 3401(i) and 18 U.S.C. § 3583(e), the Court ADOPTS Magistrate Judge Susan L. Collins' Report and Recommendation and all findings therein [ECF No. 224]. The Court now ORDERS that Trey T. Jackson's supervised release is therefore REVOKED [ECF No. 224]. Trey T. Jackson is sentenced to TIME SERVED with 12 MONTHS federal supervised release to follow. The following conditions of supervised release are imposed:

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The Defendant shall submit to a drug test within 15 days of release on supervision.

5. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

7. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and

its 32 counties can be found at the website for the United States Probation and Pretrial Services (http.//www.innp.uscourts.gov/offices/offices.html).

8. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer, which includes the requirement that the Defendant report in person to the probation office in the district to which the Defendant is released for supervision within 72 hours of release from the custody of the Bureau of Prisons.

9. The Defendant shall answer inquiries by a probation officer pertaining to his supervision and notify the probation officer within 72 hours of any change in place of residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination.

10. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

11. The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM and 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. The Defendant shall permit confiscation of any contraband observed in plain view by the probation officer.

12. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., age, schooling, training, childcare, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the Defendant for employment at a lawful occupation.

13. The Defendant shall perform 20 hours per week of community service, not to exceed 400 hours, if the Defendant is unemployed for a time period exceeding 60 days within the first year of supervised release.

14. The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

15. The Defendant shall not consume alcohol and refrain from any use of a narcotic drug or other controlled substances, as defined in Section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner.

16. The Defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substance, if necessary, after evaluation at the time of release.

17. The Defendant shall pay all or part of the costs for participation in the above programs not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court, as the U.S. Probation Office determines

that te Defendant is financially capable of paying. Failure to pay due to financial inability shall not be grounds for revocation.

18. If a fine is imposed and has not been paid upon release to supervised release, the Defendant shall adhere to an installment schedule to pay that fine.

19. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

SO ORDERED on April 23, 2025.

s/Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT